| | |
|---|---|
| John L. Overland, Jr.<br>WAGNER DAVIS P.C.<br>99 Madison Avenue, 11th Floor<br>New York, New York 10016<br>(212) 481-9600<br>Fax: (212) 481-8245 | Motion Date: August 3, 2010<br>Motion Time:    10:00 A.M.<br>Last Date to Object: July 29, 2010 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In Re:

                                                                     Case No.:   10- 43380 (JF)

RIDGE BLVD. REALTY, LTD.,

                                                                     Chapter 11

                               Debtor.

------------------------------------------------------------X

## NOTICE OF MOTION BY WAGNER DAVIS P.C. FOR
## RELIEF FROM THE AUTOMATIC STAY
## PURSUANT TO 11 U.S.C. §362(d)(1)

**PLEASE TAKE NOTICE,** that upon the annexed affirmation of John L. Overland, Jr. with exhibits annexed thereto, Wagner Davis P.C. ("Wagner Davis"), a creditor and party in interest in the above bankruptcy proceeding, will move before the Honorable Jerome Feller, United States Bankruptcy Judge, at the United States Bankruptcy Court, Eastern District of New York, 271 Cadman Plaza East, Courtroom 3554, Brooklyn, New York 11201 for an Order, pursuant to Title 11, United States Code, section 362(d)(1), for an Order granting Wagner Davis relief from the automatic stay to continue prosecution of that certain action before the New York Supreme Court, County of New York, encaptioned *Wagner Davis P.C. v. Rosa Gargano, Carmine Gargano, and Ridge Blvd. Realty, Ltd.* (Index No. 100044-2009) against co-defendants Rosa Gargano and Carmine Gargano.

**PLEASE TAKE FURTHER NOTICE,** that responses and objections, if any, to the Motion must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, as modified by any administrative order entered in this case, and be filed with the Bankruptcy Court electronically in accordance with Administrative Orders #473 and 476 and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, Microsoft Word DOS text (ASCII), or a scanned image of the filing, with a hard copy delivered directly to Chambers, and may be served in accordance with Administrative Order #473, and upon Wagner Davis P.C., ATTN: John L. Overland, Jr., Esq., 99 Madison Avenue, 11th Floor, New York, New York 10016, so as to be received no later than July 29, 2010.

**PLEASE TAKE FURTHER NOTICE,** that only those objections that have been timely filed may be considered by the Court.

Dated: New York, New York
       June 30, 2010

                                            Respectfully submitted,

                                            WAGNER DAVIS P.C.

                                            By: _____
                                                John L. Overland, Jr.
                                                (JO7213)
                                                99 Madison Avenue - 11th Floor
                                                New York, New York 10016
                                                (212) 481-9600

JLO3190

John L. Overland, Jr.
WAGNER DAVIS P.C.
99 Madison Avenue, 11th Floor
New York, New York 10016
(212) 481-9600
Fax: (212) 481-8245

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In Re:

RIDGE BLVD. REALTY, LTD.,

Debtor.

Case No.: 10- 43380 (JF)

Chapter 11

-----------------------------------------------------------------X

**AFFIRMATION OF JOHN L. OVERLAND, JR. IN SUPPORT
OF MOTION BY WAGNER DAVIS P.C. FOR RELIEF
FROM STAY**

TO THE HONORABLE JEROME FELLER.
UNITED STATES BANKRUPTCY JUDGE:

JOHN L. OVERLAND, JR., an attorney admitted to practice law before the courts of the State of New York and the United States District Court, Eastern District of New York, affirms under penalty of perjury as follows:

1.  I am associated with the law firm of Wagner Davis P.C. ("Wagner Davis"), which is a creditor and party in interest in the referenced bankruptcy proceeding and appears *pro se* in connection with this proceeding.

2.  This affirmation is respectfully submitted to this Court for an Order, pursuant to 11 U.S.C. §362(d)(1), from relief from the automatic stay to allow Wagner Davis to continue prosecution of that certain action before the New York Supreme Court, County of New York, encaptioned *Wagner Davis P.C. v. Rosa Gargano,*

*Carmine Gargano, and Ridge Blvd. Realty, Ltd.* (Index No. 100044-2009, hereinafter the "Wagner Davis Action") against co-defendants Rosa Gargano ("Rosa") and Carmine Gargano ("Carmine" and, when referred to collectively with Rosa and the Debtor, the "Defendants"). A true and correct copy of the verified complaint initiating the Wagner Davis Action against the Defendants is annexed hereto as **Exhibit "A."**

3. The Wagner Davis Action seeks damages against Rosa individually based upon causes of action for breach of contract, account stated, and quantum meruit. The Wagner Davis Action also seeks damages against Carmine and the Debtor, individually and respectively, based upon a cause of action for quantum meruit. Because Rosa and Carmine are co-defendants in the Wagner Davis Action, the automatic stay which resulted from the filing of this bankruptcy proceeding by the Debtor has stayed the Wagner Davis Action not only as against the Debtor but also as against Rosa and Carmine as well.

4. Wagner Davis is entitled to relief from the automatic stay to resume prosecution of the Wagner Davis Action against Rosa and Carmine because Rosa and Carmine are not co-debtors in the Debtor's bankruptcy proceeding and because the causes of action against Rosa and Carmine in the Wagner Davis Action rest upon Rosa's and Carmine's individual breaches of duty to Wagner Davis.

*Facts:*

5. Rosa entered into a retainer agreement with Wagner Davis on or about October 19, 2006 (the "Agreement") wherein Wagner Davis agreed to perform professional services in connection with litigation concerning property located at and

2

described as 8311 Ridge Boulevard, Brooklyn, New York (the "Premises").[1] A copy of the Agreement is annexed hereto as **Exhibit "B."**

6. The Agreement specifically stated the terms and conditions under which Wagner Davis would provide legal representation to Rosa, Carmine and the Debtor, including the terms of compensation as well as Rosa's continuing liability for any fees due and owing in the event of termination of representation.

7. Upon Rosa's execution of the Agreement (and from on or about October 2006 to November 2008), Wagner Davis performed legal services including but not limited to (a) review of materials in connection with the Gargano Action and preparation of transition documents concerning the Gargano Action, (b) representation of the Defendants in several court appearances in connection with the Gargano Action, (c) legal research concerning issues involving the New York City Department of Buildings ("DOB") and meetings with DOB concerning same, and (d) preparing responsive pleadings in connection with a malicious prosecution action (*John Nicholis v. Ridge Blvd.*

---

[1] Specifically, Rosa retained Wagner Davis to assume responsibility for prosecuting an action originally initiated and prosecuted by the law firm of Kucker & Bruh, LLP on behalf of Rosa, Carmine and the Debtor in the Supreme Court of the State of New York, County of Kings. This action was encaptioned *Ridge Blvd. Realty Ltd., Carmine Gargano & Rosa Gargano v. Chrisanthy Zisimopoulos, Steven Gambino Architects P.C., Samir Mako, Urania Krypriotus, JGN Construction Management, LLC & John Nicolis* (Index Number 33178/2003, hereinafter the "Gargano Action."). The Gargano Action involved damage to the Premises caused by construction by the defendants named in the Gargano Action on a lot adjacent to the Premises.

described as 8311 Ridge Boulevard, Brooklyn, New York (the "Premises").[1] A copy of the Agreement is annexed hereto as **Exhibit "B."**

6. The Agreement specifically stated the terms and conditions under which Wagner Davis would provide legal representation to Rosa, Carmine and the Debtor, including the terms of compensation as well as Rosa's continuing liability for any fees due and owing in the event of termination of representation.

7. Upon Rosa's execution of the Agreement (and from on or about October 2006 to November 2008), Wagner Davis performed legal services including but not limited to (a) review of materials in connection with the Gargano Action and preparation of transition documents concerning the Gargano Action, (b) representation of the Defendants in several court appearances in connection with the Gargano Action, (c) legal research concerning issues involving the New York City Department of Buildings ("DOB") and meetings with DOB concerning same, and (d) preparing responsive pleadings in connection with a malicious prosecution action (*John Nicholis v. Ridge Blvd.*

---

[1] Specifically, Rosa retained Wagner Davis to assume responsibility for prosecuting an action originally initiated and prosecuted by the law firm of Kucker & Bruh, LLP on behalf of Rosa, Carmine and the Debtor in the Supreme Court of the State of New York, County of Kings. This action was encaptioned *Ridge Blvd. Realty Ltd., Carmine Gargano & Rosa Gargano v. Chrisanthy Zisimopoulos, Steven Gambino Architects P.C., Samir Mako, Urania Krypriotus, JGN Construction Management, LLC & John Nicolis* (Index Number 33178/2003, hereinafter the "Gargano Action."). The Gargano Action involved damage to the Premises caused by construction by the defendants named in the Gargano Action on a lot adjacent to the Premises.

*Realty Ltd., Carmine Gargano and Rosa Gargano,* Supreme Court of the County of New York, County of Kings, Index Number 26018/2007, hereinafter the "Nicholis Action").[2]

8. In or about November 2008, Rosa terminated the Agreement with Wagner Davis. At that time of this termination the amount of $56,943.25 was due and owing to Wagner Davis for professional services rendered to the Defendants in connection with the Gargano Action and the Nicholis Action.

9. While Wagner Davis consented to change of attorneys, such consent was made with reservation of Wagner Davis' rights under the Agreement, which Wagner Davis expressly reserved. Wagner Davis made repeated attempts to resolve this issue with the Defendants to no avail, and Wagner Davis initiated the Wagner Davis Action upon the filing and service of a summons and complaint on or about January 5, 2009.[3] The Wagner Davis Action was stayed by the filing of the bankruptcy petition of the Debtor on about April 20, 2010. The automatic stay stayed prosecution of the Wagner Davis Action not only against the Debtor but also against co-defendants Rosa and Carmine.

*Cause Exists For this Court to Grant Wagner Davis Relief from Stay:*

10. Section 362(d)(1) of Title 11, United States Code (the "Bankruptcy Code" or the "Code") provides that a party in interest may, after notice and a hearing,

---

[2] A more detailed description of the professional services rendered by Wagner Davis to the Defendants is available in paragraphs 8, 13, and 21 of the copy of **Exhibit "A."**

[3] The Defendants submitted and served a verified answer with counterclaims on or about January 27, 2010 and subsequently sought to amend same. Wagner Davis submitted and served its verified reply and later submitted a verified reply to amended counterclaims on or about February 11, 2010.

4

obtain relief from the automatic stay "for cause." While the term "for cause" is not defined in the Code, a bankruptcy court must decide what constitutes "cause" to lift the automatic stay on a case by case basis. In Re Rexene Products Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992).[4]

11. An analysis of the facts involved in the Debtor's bankruptcy case and of those facts stated above show that there exists more than sufficient cause for granting Wagner Davis relief from the automatic stay to allow Wagner Davis to resume prosecution of the Wagner Davis Action against co-defendants Rosa and Carmine. This is because "…the automatic stay prevents the commencement or continuation of proceedings against the debtor, and does not apply to actions against non-debtor third parties." In Re Bidermann Industries U.S.A., Inc. *et al.* (Bidermann Industries U.S.A., Inc. v. Zelnik, 200 B.R. 779 (Bankr. S.D.N.Y. 1996).

*The Automatic Stay Cannot Be Extended to Rosa and Carmine Where Liability Rests Upon Their Own Breach of Duty:*

12. While bankruptcy courts have occasionally exercised their equity powers to extend the automatic stay to non-bankrupt co-defendants of the debtor (in such unusual circumstances wherein failure to extend the stay would pose a "serious threat" to the debtor's reorganization efforts), such a "stay clearly cannot be extended to the non-debtor" where the "non-debtor's liability rests upon his own breach of duty." Desouza v. Plusfunds Group, Inc. *et al.*, 2006 U.S. Dist. LEXIS 53392 (S.D.N.Y. 2006).

---

[4] Further, a decision whether to not to lift the automatic stay is left to the discretion of the bankruptcy court judge. In Re Frigitemp Corp., 8 B.R. 284,289 (Bankr. S.D.N.Y. 1981).

**WHEREFORE,** Wagner Davis respectfully requests an Order from this Court granting Wagner Davis relief from the automatic stay pursuant to Section 362(d)(1) to allow prosecution of the Wagner Davis Action against Rosa Gargano and Carmine Gargano, and for such other and further relief in law and in equity as this Court may deem just.

Dated: New York, New York
       June 30, 2010

                                                                                 John L. Overland, Jr.

JLO3187

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the forgoing *Notice of Appearance and Request for Service* has been served upon the following parties in interest via United States First Class Mail on _July 1, 2010_.

McBREEN & KOPKO
*Proposed Attorneys for Debtor and Debtor-in-Possession*
ATTN: Kenneth A. Reynolds
500 North Broadway, Suite 129
Jericho, New York 11753

MARC E. SCOLLAR, ESQ.
*Attorney for Defendants in the*
*"Wagner Davis Action"*
1031 Victory Boulevard
Staten Island, New York 10301

Office of the United States Trustee
271 Cadman Plaza East, 4th Floor
Brooklyn, New York 11201

Rosenberg, Musso & Weiner, LLP
*Attorneys for Central Funding Company and*
*for Central Funding Company Retirement Trust*
ATTN: Bruce Weiner, Esq.
26 Court Street, Suite 2211
Brooklyn, New York 11242

John L. Overland, Jr.

7